*John T. Stagg Ex'r. &c.* v. *James Jackson and wife.* S. MIL-LER, for appellant; L. B. WOODRUFF, for respondent. Decretal order of the late surrogate of New York affirmed with costs.—— And decree of affirmance to direct that respondents recover against appelants the interest on the balance which was due to them from the executor for principal and interest on the 23d of December, 1843, the time of entering the appeal, as their damages for the vexation and delay caused by the appeal.

*Eloise Gerard* v. *George Gerard.*(*) E. A. DOOLITTLE, for appellant; M. T. REYNOLDS, for respondent. Appeal from an order of the vice chancellor of the third circuit. The bill was for a divorce, for adultery; and a decree was obtained by the complainant, by default. The defendant who was a non resident of the state, obtained an order opening the decree and the order pro confesso and allowing him to put in an answer denying the adultery, on payment of costs. And it was referred to a master to report a suitable allowance for ad interim alimony to the wife, and for the expenses of the future litigation. The defendant paid the costs, and put in an answer denying the adultery; and a replication was filed. Subsequently the master made his report. And upon an affidavit that the allowance reported had been demanded of the defendant's solicitor, and not paid, and that the defendant was an absentee, the vice chancellor directed his answer to be taken off the files, and that the former decree for a divorce should be restored unless the allowance for alimony and expenses of the suit should be paid within a specified time.

The Chancellor said that if the decree was taken against the defendant for want of appearance, after a personal service of the subpœna the vice chancellor was authorized to impose such terms as he pleased upon the defendant, as a condition of opening the decree ; and that he might require him to give security for the payment of ad interim alimony to the wife pendente lite, as well as an allowance for the necessary expenses of the suit. But that if the bill was taken as confessed against the defendant as an absentee, without an actual service of the subpœna, the court had no right to require the payment, or security for payment of any thing be-

*Terms of opening decree after a personal service of subpœna.*

*Terms where there has been no personal service.*

(*) Decided January 8, 1847,

yond the necessary costs and expenses of the suit, as a condition of letting him in to defend; if he made his application within the time prescribed by the statute. (See 2 R. S. 187 §133, 178.)

That as the defendant was permitted, by the order of the vice chancellor, to come in and defend the suit, upon the sole condition of his *paying the costs*, without being required to pay the amount which should be allowed by the master for alimony, he had a right, on payment of the costs, and putting in an answer denying the adultery, to have the question of his guilt or innocence tried by a jury; even if he was subsequently guilty of a contempt for neglecting to pay the amount allowed by the master.

A party is not in contempt for not paying alimony, without a previous order directing him to pay it.

That the defendant could not be brought into contempt for not paying the amount allowed for alimony, without a previous order of the court directing him to pay the sum which should be allowed by the master.

Form of order of reference as to alimony.

That the order for a reference as to alimony should direct that upon the coming in and confirmation of the master's report the husband should pay to the wife the sum reported by the master, at the times and in the manner specified by the master; so that after the report has been confirmed by the usual order nisi the husband will be bound to pay such allowance without the necessity of a further application to the court.

Order appealed from reversed.

*In the matter of Catharine Lasher, an alleged lunatic.* T. B. MITCHELL, for petitioner. This was an application for a new commission of lunacy; a former commission having been issued and executed, in which the jury found the person proceeded against was not a lunatic. Upon this application all the commissioners named in that commission certified that from the evidence adduced, as well as from personal examination and inspection they had no doubt such person was a lunatic. The testimony produced before the jury was also returned by the commissioners, and referred to on this application.

When this court may issue a second commission of lunacy.

The chancellor decided that the court has the power, in the exercise of a sound discretion, to direct the issuing of a new commission, where from the evidence or otherwise there is no doubt that the jury must have erred in finding that the party proceeded against was not of sound mind.